```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

SHANDA SPEARS CRAIN                          CIVIL ACTION

VERSUS                                       NUMBER: 05-0183

JOHNNIE JONES, WARDEN                        SECTION: "J"(5)


**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for writ of habeas corpus of petitioner, Shanda Spears Crain, and the State's response thereto. (Rec. docs. 2, 8). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Crain's petition be dismissed with prejudice as untimely.

Petitioner Crain is a state prisoner who is presently incarcerated at the Louisiana Correctional Institute for Women, St. Gabriel, Louisiana. On January 25, 1995, petitioner was indicted on the charge of first degree murder. (St. ct. rec., vol. 1 of 13, p. 61). On January 21, 1997, petitioner was found guilty after trial, by jury, in the Twenty-Second Judicial District Court, State

of Louisiana. (St. ct. rec., vol. 9 of 13, p. 2051).[1]  On March 17, 1997, petitioner was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence.  (St. ct. rec., vol. 9 of 13, pp. 2139-2142).

Thereafter, petitioner directly appealed her conviction and sentence to the Louisiana First Circuit Court of Appeal which, on September 25, 1998, affirmed petitioner's first degree murder conviction along with her life sentence. State v. Crain, 731 So.2d 547 (La. App. 1st Cir. 1998) (unpublished decision).[2]  At that point, under the provisions of Rule X, Section 5 of the Rules of the Supreme Court of Louisiana, petitioner had thirty (30) days within which to timely file a writ application with the state high court.  Petitioner, however, did not file a writ application with the Louisiana Supreme Court within the applicable time period. Instead, Crain waited almost a year, until August 5, 1999, before seeking relief from the Louisiana Supreme Court.[3]  The state high court, on May 26, 2000, issued a one-word decision denying petitioner relief.  See State v. Crain, 762 So.2d 1094 (La. 2000).

Approximately two years later, in May, 2002, petitioner filed

---

[1] The Twenty-Second Judicial District Court serves both St. Tammany Parish and Washington Parish.  While petitioner's criminal proceedings commenced in Washington Parish, where the crime at issue was committed, pursuant to petitioner's motion, the matter was transferred to St. Tammany Parish.  See St. ct. rec., vol. 2 of 13, p. 273.

[2] A copy of the Louisiana First Circuit's unpublished decision is contained in the St. ct. rec., vol. 10 of 13.

[3] A copy of petitioner's writ application to the Louisiana Supreme Court is contained in the St. ct. rec., vol. 10 of 13.

with the state district court an application for post-conviction relief.[4]  On October 15, 2002, the state district court denied petitioner's post-conviction application.[5]  On January 27, 2003, the Louisiana First Circuit Court of Appeal, based upon a state procedural ground, likewise denied petitioner post-conviction relief.[6]  <u>State of Louisiana ex rel. Shanda Sheree Spears Crain v. Johnnie Jones</u>, No. 2002 KW 2437 (La. App. 1 Cir. 2003) (unpublished decision).[7]  Finally, on August 20, 2004, the Louisiana Supreme Court denied petitioner's writ application, <u>State ex rel. Shanda Crain v. State</u>, 882 So.2d 566 (La. 2004), and on November 24, 2004, denied petitioner's application for reconsideration.  <u>State ex rel. Shanda Crain v. State</u>, 888 So.2d 215 (La. 2004).  Petitioner filed the instant application for federal habeas corpus relief less than two months later, on January 7, 2005.  (Rec. doc. 1).

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), Crain had a one-year limitation period within which to timely seek federal habeas relief.  This one-year period commenced to run on the date

---

[4] A copy of petitioner's post-conviction application is contained in the St. ct. rec., vol. 11 of 13.

[5] A copy of the district court's adverse order is contained in the St. ct. rec., vol. 11 of 13.

[6] Specifically, the court found Crain's post-conviction application to be untimely under La.C.Cr.P. art. 930.8.

[7] A copy of the Louisiana First Circuit's unpublished decision is contained in the St. ct. rec., vol. 11 of 13.

3

her conviction became final by the conclusion of direct review or the expiration of her time for seeking such review. See 28 U.S.C. §2244(d)(1)(A). Accordingly, petitioner's conviction became final, for purposes of determining the timeliness of her federal habeas corpus petition, on October 25, 1998, thirty (30) days after the state appellate court issued its adverse opinion on direct appeal and the time for seeking review from the Louisiana Supreme Court expired. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003)(If petitioner stops the appeal process before taking the matter to the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires."); see also McGee v. Cain, 104 Fed. Appx. 989, 991 (5th Cir. 2004) (per curiam), cert. denied, 543 U.S. 1162, 125 S.Ct. 1324, 161 L.Ed.2d 134 (2005)("McGee's conviction became final for the AEDPA's limitations purposes on the date that the time expired for seeking a supervisory writ in the Louisiana Supreme Court....")  Thus, Crain had a year from October 25, 1998, or until October 25, 1999, to timely seek federal habeas corpus relief.

Crain did not file the instant habeas corpus action until January 7, 2005.  Thus, Crain's habeas corpus petition must be dismissed as untimely unless the one-year statute of limitations period was interrupted as set forth under 28 U.S.C. §2244(d)(2). Under that statutory provision, the one-year prescriptive period is tolled during the time a prisoner has a properly filed application for post-conviction relief or other collateral review pending

before the state courts.

As noted above, Crain filed an out-of-time writ application with the Louisiana Supreme Court on August 5, 1999. However, said filing did not interrupt prescription. While Crain's untimely writ application constituted an application for collateral review, see McGee, 104 Fed. Appx. at 991, it was not "properly filed", as required under §2244(d)(2) for purposes of interrupting prescription, since it was not filed at the state district court level.[8]  See Dickerson v. Cain, Civil Action 05-3759 (E.D. La. 2006)(Shushan, MJ.)(An untimely writ application to the Louisiana Supreme Court "cannot be considered to have been 'properly filed' so as to trigger §2244(d)(2) tolling."); Wall v. Cain, Civil Action 03-1641 (E.D. La. 2004)(Vance, J.)(Petitioner's untimely appeal to Louisiana Supreme Court "did not toll the statute of limitations under AEDPA".).  Thus, Crain's statute of limitations, for purposes of timely seeking federal habeas corpus relief, expired October 25, 1999.

Assuming, arguendo, that Crain's August 5, 1999 writ application did toll prescription, at that point, approximately 285 days of Crain's 365-day period of prescription had expired.  The matter remained under submission before the Louisiana Supreme Court until May 26, 2000, at which point, the state high court denied

---

[8]La.C.Cr.P. art. 926.A. provides, in pertinent part, that "[a]n application for post conviction relief shall be by written petition **addressed to the district court** for the parish in which the petitioner was convicted.  [Emphasis added.]"

5

petitioner relief.  See State v. Crain, 762 So.2d 1094 (La. 2000). Crain did not file an application for post-conviction relief, which would have again tolled prescription, until approximately two years later, in May, 2002.  By that time, Crain's statute of limitations had long expired.  Thus, the instant action is clearly time-barred absent a basis for equitable tolling.

Equitable tolling is justified only in "'rare and exceptional circumstances.'"  Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001) (quoting Davis v. Johnson, 158 F.3d 806 (5th Cir 1998), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999)).  It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (citing Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996)).  The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of §2254 relief.  Coleman, 184 F.3d at 403.

Crain alleges that she is entitled to equitable tolling for the approximately ten-month period which expired between the time her writ application to the Louisiana Supreme Court, seeking relief from the state appellate court's September 25, 1998 adverse decision, was due, and the time it was actually filed.  Crain

informs that the writ application was filed late because Crain's appellate counsel, Gwendolyn K. Brown, Esq., did not receive notice of the Louisiana First Circuit's adverse September, 1998 decision until July, 1999.  As Brown explained in the August, 1999 writ application which she ultimately filed on Crain's behalf:

> Ms. Crain had originally been represented by retained counsel, Thomas Damico, at the trial court level.  Mr. Damico filed a motion for appeal and commenced working on the appeal; however, Ms. Crain fired him.  Counsel filed a motion to remand to determine counsel and, on October 2, 1997, the Louisiana Court of Appeal, First Circuit, granted the motion and remanded the matter to the district court for determination of counsel status.  <u>State of Louisiana vs. Shanda Crain</u>, 97-KA-1910 (La. App. 1 Cir. 10/2/97).  On October 13, 1997, the district court appointed the 22nd Judicial District Court Indigent Defender's Office to represent Ms. Crain.  The Louisiana Appellate Project has a contract with the 22nd Judicial District Court Indigent Defender's Office, in which it is agreed that the Louisiana Appellate Project will assume the representation of any appeals for which the 22nd Judicial District Court Indigent Defender's Office is ordinarily responsible.  Pursuant to the arrangements of that contract, the Director of the Louisiana Appellate Project agreed to accept this case.  The Director of the Louisiana Appellate Project then assigned the case to undersigned counsel.  Although no formal motion to enroll was filed by undersigned counsel, the Louisiana Court of Appeal, First Circuit, was aware of the appointment of the Louisiana Appellate Project and was informed by letter that undersigned had been assigned to the case. However, despite the fact that undersigned counsel filed the brief on behalf of defendant-petitioner, and unbeknownst to undersigned counsel, the computer at the Clerk of Court's Office for the Louisiana Court of Appeal, First Circuit, still designated the Office of the Public Defender as counsel of record.  Thus, when the decision in the case was rendered, it was sent to the Office of the Public Defender.[9]

---

[9] <u>See</u> p. 4 of Crain's August, 1999 writ application to the Louisiana Supreme Court, a copy of which is contained in the St. ct. rec., vol. 10 of 13.

Brown went on to explain that it was not until July, 1999, when she undertook an inventory of her pending cases, that she checked with the Office of the Clerk of Court for the Louisiana First Circuit Court of Appeal and learned that the state appellate court had rendered an adverse decision in Crain's case approximately nine months earlier.

Based upon the above, one can conclude that Crain was indeed deterred in timely filing her writ application to the Louisiana Supreme Court by matters outside of her control.  However, it is equally clear that, based upon the fact that Crain, after the Louisiana Supreme Court ruled upon her untimely writ application, waited approximately two years before seeking state post-conviction relief, that she was not "diligent" in her pursuit of §2254 relief. See Coleman, supra.  Accordingly, the court finds that Crain is not entitled to any equitable tolling of prescription.[10]

## RECOMMENDATION

It is therefore recommended that the application for federal habeas corpus relief of Shanda Spears Crain be dismissed with

---

[10] Even if Crain's prescriptive period was equitably tolled during the period for which she claims she is entitled to such tolling, i.e., from October 25, 1998, when her time for seeking direct review expired, to August 5, 1999, when her untimely writ application to the Louisiana Supreme Court was filed, the instant action would nevertheless be untimely in light of the fact that, following the Louisiana Supreme Court's denial of her untimely writ application, she allowed approximately two years to pass before seeking state post-conviction relief.

prejudice as untimely.[11]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  27th  day of     July    , 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[11]In its opposition memorandum (rec. doc. 8, p. 2), the State, in addition to arguing that the instant action is untimely, also argues that petitioner has "failed to exhaust state court remedies and is in 'procedural default' on a number of the claims raised in her Federal Writ of Habeas Corpus." These arguments need not be addressed in light of this court's finding of untimeliness.